# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICHARD MATT,**

    **Plaintiff,**

v.          Case No. 12-C-1021

**ECO-GREEN INTERNATIONAL, INC., and**
**JOEL COLLINS,**

    **Defendants.**

# DECISION AND ORDER

    This action filed by the Plaintiff, Richard Matt ("Matt"), alleges claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201; Chapter 109 of the Wisconsin Statutes; and Wisconsin law for breach of contract, fraudulent inducement, unjust enrichment, *quantum meruit*, promissory estoppel, and punitive damages. On December 4, 2012, the Clerk of Court granted Matt's motion pursuant to Federal Rule of Civil Procedure 55(a) for entry of default against the Defendants, ECO-Green International, Inc. ("ECO-Green") and Joel Collins ("Collins") (collectively the "Defendants").

    The matter is before the Court on Matt's motion pursuant to Rule 55(b) of the Federal Rules of Civil Procedure for default judgment in the amount of $136,083.85 against

the Defendants on his FLSA and Wisconsin Statutes Chapter 109 claims.[1]  Matt continues to perform work for the Defendants.

The well-pleaded allegations of the Complaint are taken as true because default has been entered against the Defendants. *eE360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).  Furthermore, as a general rule, default judgment establishes that the Defendants are liable as a matter of law for each cause of action alleged in the Complaint. *Id*. However, those portions of the default judgment motion relating to the amount of damages and fees must be proven. *Yang v. Hardin,* 37 F.3d 282, 286 (7th Cir. 1994).  Before the entry of default judgment, Rule 55(b)(2) provides that the district court may conduct such hearings or make referrals as it deems necessary and proper to determine the amount of damages.  Fed. R. Civ. P. 55(b)(2).  Such proceedings are unnecessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *eE360 Insight*, 500 F.3d at 602 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  Matt's affidavit and the additional affidavits in support of the motion are sufficiently detailed to render such a hearing unnecessary in this case.

---

[1].Although Matt requests relief under Chapter 109 of the Wisconsin Statutes, which relates to wage payments, claims and collections; he provides little analysis of that claim and does not assert any additional claims for damages under that claim.  Therefore, the Court limits its analysis to the FLSA claim.

2

## Background[2]

The Defendants are in the business of designing, building and selling environmentally friendly cremation systems that are sold to consumers in the funeral service industry throughout the United States. In November 2010 the Defendants hired Matt to perform engineering work for them, including but not limited to designing a pressure vessel used in the production of the cremation system produced by ECO-Green. At the time Matt was hired, the Defendants, through Collins, agreed to pay Matt at the rate of $35.00 per hour for services rendered, plus an additional $2,000.00 for each cremation unit that was shipped to a customer. The Defendants did not pay Matt a salary at any time.

Throughout the course of his employment Matt kept track of all the hours he worked on a spreadsheet, and recorded the hours on a daily basis at the end of each workday. (Matt Aff. ¶ 4.) Collins approved the format and Matt's use of the spreadsheet. (*Id*.) The Defendants agreed to use the spreadsheet to pay Matt on the 5th and the 20th of each month. (*Id*. at ¶¶ 5-6.) From November 2010 through February 2011, the Defendants paid Matt at a rate of $35.00 per hour for all hours worked.

During his employment with ECO-Green, Matt regularly worked more than forty hours a week and did not receive overtime compensation for this work. In December 2010, the Defendants provided Matt with an additional $7,000.00 but did not indicate whether that money was wages or commission. The Defendants have not paid Matt any wages or

---

[2] Unless accompanied by a citation, the background is based on the factual allegations of the Complaint.

commissions since February 2011, although he continued to work for the Defendants. Matt continued to work for the Defendants because he feared that if he resigned he would never be paid. (*Id*. at ¶ 8.) The Defendants have continually promised to pay Matt for his back wages in exchange for his continued work at ECO-Green, and in reliance on the promised offer described in "paragraph 9 [sic], supra," Matt continued to perform work for ECO-Green throughout 2011, 2012, and 2013. (*Id*. at ¶ 9.) Matt has been and currently is misclassified by Defendants as an independent contractor. Based on Matt's records, the Defendants owe him $54,386.50 in back wages calculated at $35.00 per hour and $9,192.75 in overtime wages calculated at an overtime rate of $52.50 per hour. (*Id*. at ¶ 12.)

The FLSA requires covered employers to pay employees at least a minimum wage for all hours worked. 29 U.S.C. § 206(a). The FLSA also requires that covered employers pay those employees an overtime rate of at least one and one-half times the employee's regular wage for any hours worked in excess of forty hours in one week.[3] *Brown v. Family Dollar Stores of IN, LP,* 534 F.3d 593, 594 (7th Cir. 2008) (citing 29 U.S.C. § 207(a)). An employee bears the burden of proving that he performed overtime work for which he was not properly compensated. *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), superseded by statute on other grounds as stated in *IBP, Inc. v. Alvarez,* 546 U.S. 21, 41 (2005)).

---

[3]The elements of a claim for a denial of overtime compensation under the FLSA are as follows: (1) the plaintiff was employed by the defendant; (2) the defendant is engaged in interstate commerce or the plaintiff is otherwise covered by the FLSA; (3) the plaintiff worked in excess of 40-hours in a workweek; and (4) the defendant did not pay the plaintiff overtime wages. *See Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.69 (11th Cir. 2008).

4

The FLSA directs the award of liquidated damages in an amount equal to the plaintiff's actual damages, 29 U.S.C. § 216(b), except that the Court has the discretion to excuse the defendant from paying liquidated damages if the Court finds that the defendant was acting in good faith and reasonably believed its conduct was lawful when it violated the Act. *See Avitia v. Metro. Club of Chi., Inc.,* 49 F.3d 1219, 1223 (7th Cir. 1995) (citing 29 U.S.C. § 260). Doubling is the norm, not the exception. *Id.*

The default statute of limitations for a FLSA claim is two years. 29 U.S.C. § 255(a). However, a third year of liability can be added for "a cause of action arising out of a willful violation." *Id.*; *see also Howard v. City of Springfield*, 274 F.3d 1141, 1144 (7th Cir. 2001). "An employer acts willfully, for purposes of establishing the proper statute of limitations, where he knows or shows reckless disregard for whether his actions are unlawful under the FLSA." *Bankston v. State of Ill.*, 60 F.3d 1249, 1253 (7th Cir. 1995). Matt bears the burden of proving willfulness. *Id*.

Matt has established that the Defendants violated the FLSA's wage and overtime provisions. "An employer acts willfully, for purposes of establishing the proper statute of limitations, where he knows or shows reckless disregard for whether his actions are unlawful under the FLSA." Matt has established the Defendants acted willfully by misclassifying him as an independent contractor and not paying him any wages since February 2011, despite their continued promises to pay him back wages. *See Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d

5

150, 165 (N.D.N.Y. 2008). Therefore, the three-year limitations period, rather than two years, is appropriate. 29 U.S.C. § 255(a).

In *Brown*, 534 F.3d at 594, the Court of Appeals explained the employee's burden of proving damages as follows:

> *Anderson* recognized that once a plaintiff establishes a violation of the FLSA, the plaintiff must establish damages, and that the task is not a difficult one where the employer has kept time records in compliance with the requirements of the FLSA. In that circumstance, the accurate time records will establish the amount of damages, and the general rule that precludes recovery of uncertain and speculative damages is appropriate. *Anderson*, 328 U.S. at 688 . . . . That is a recognition of the need to quantify damages, not a new, more burdensome standard. *Anderson* also articulated, however, a different standard that was to apply where the employer's records did not provide that accurate record of time worked. *Anderson* recognized that where an employer failed to keep the proper and accurate records required by the FLSA, the employer rather than the employee should bear the consequences of that failure. To place the burden on the employee of proving damages with specificity would defeat the purpose of the FLSA where the employer's own actions in keeping inadequate or inaccurate records had made the best evidence of such damages unavailable. The Court accordingly held that "[i]n such a situation, . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687-88. The burden then would shift to the employer to produce evidence of the precise amount of work performed or to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id.* If the employer fails to meet that burden, a court may award damages even though they are approximations. *Id.* at 688 . . . .

6

The Matt affidavit and attached exhibit six establish that, other than a lump sum paid in December 2011, the Defendants have not paid Matt since February 2011. However, Matt continued to work for them in reliance on their statements that he would be paid if he continued to work. Matt's affidavit further establishes that the Defendants relied on his spreadsheets as the basis for paying his hourly wages and that the Defendants owe him a total of $63,579.25 (back wages of $54,386.50 and overtime of $9,192.75). Awarding that sum again as liquidated damages, the Court awards $127,158.50 in actual and liquidated damages to Matt.

**Attorney Fees and Costs**

Matt also requests an award of $8,406.00 in attorney fees and $519.35 in costs. Prevailing plaintiffs are entitled to reasonable attorney fees and costs under the FLSA. 29 U.S.C. § 216(b); *Batt v. Micro Warehouse, Inc.,* 241 F.3d 891, 893 (7th Cir. 2001) (regarding attorney fees). When a prevailing party is entitled to reasonable attorney fees, the Court must make that assessment, at least initially, based on a calculation of the "lodestar" – "the hours reasonably expended multiplied by the reasonable hourly rate – and nothing else." *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012) (citing *Pickett v. Sheridan Health Care*, 664 F.3d 632, 640-43 (7th Cir. 2011)). "In limited circumstances, once the lodestar amount is calculated, it may be adjusted." *Id*.

A "reasonable" hourly rate should reflect the "market rate" for the attorney's services. *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310

7

(7th Cir. 1996). The market rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999) (internal quotation marks and citations omitted).

Matt is the prevailing party in this action. Counsel who have represented Matt in this action request a total award of $8,406.00 for 33.40 hours of attorney time. The claimed fees reflect 31.60 hours of work performed by Summer H. Murshid at an hourly rate of $250.00 and 1.6 hours of work performed by David Zoeller at an hourly rate of $285.00. The Court has reviewed the supporting documentation, including two affidavits of Milwaukee area attorneys who do similar work that address the counsels' claimed hourly rates. The Court concludes that the claimed attorney fees reflect the market rate for wage and hour cases and reasonable hours expended for the tasks performed. Therefore, the requested attorney fees of $8,406.00 are awarded. The costs incurred in this action total $519.35. The costs are reasonable and, therefore, are also approved.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Matt's motion for default judgment against the Defendants (ECF No. 8) on his FLSA and Chapter 109 of the Wisconsin Statutes claims is **GRANTED**.

Matt is awarded $127,158.50 in actual and liquidated damages and $8,925.35 in attorney fees and costs.

8

This action is **TERMINATED.**

The Clerk of Court is **DIRECTED TO ENTER** judgment accordingly.

Dated at Milwaukee, Wisconsin this 31st day of January, 2013.

            **BY THE COURT**

            _____
            **Hon. Rudolph T. Randa**
            **U.S. District Judge**